IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| David Lee Covington, | ) | |
| | ) | C/A No. 4:14-1203-TMC |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | **ORDER** |
| Carolyn W. Colvin, Acting | ) | |
| Acting Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on Plaintiff's motion for attorney's fees pursuant to the Social Security Act, 42 U.S.C. § 406(b). (ECF No. 22). Plaintiff seeks an award of attorney's fees in the amount of $10,000.00. *Id.* The Commissioner has filed a response informing the court that she does not object to Plaintiff's motion for fees. (ECF No. 25)

Pursuant to *Gisbrecht v. Barnhart*, 535 U.S. 789, 808 (2002), in reviewing a request for attorney's fees under § 406(b), a court must look first to the contingent fee agreement and assess its reasonableness. A reduction in the contingent fee may be appropriate when (1) the fee is out of line with the character of the representation and the results achieved; (2) counsel's delay caused past-due benefits to accumulate during the pendency of the case in court, or (3) past-due benefits are large in comparison to the amount of time counsel spent on the case. *Id*.

Based upon a review of the petition and these factors, the court finds that an award of $10,000.00 is reasonable. Pursuant to a contingency fee agreement, Plaintiff agreed to pay counsel twenty-five percent (25%) of any past-due benefits. (ECF No. 22-5). Plaintiff was awarded $58,567.05 in back benefits for himself (ECF No. 22-3) and $28,552.00 in back benefits for his son (ECF No. 22-4), and, in compliance with 42 U.S.C. § 406(b)(1)(A), counsel's requested fee does not

exceed twenty-five percent (25%) of these past-due benefits. Furthermore, the requested attorney's fee is reasonable given that counsel expended 29.75 hours working on this matter at the court level. (ECF No. 22-6). *Wrenn v. Astrue*, 525 F.3d 931, 937 (10th Cir. 2008) (noting that under § 406(b) the court makes fee awards only for work done before the court). Additionally, Plaintiff's counsel achieved a successful result without any unreasonable delay. In light of counsel's specialized skill in social security disability cases, the attorney's fee award does not amount to a windfall. *Cf. Brown v. Barnhart*, 270 F.Supp.2d 769, 772–73 (W.D.Va. 2003).

Therefore, based on the foregoing, Plaintiff's motion for attorney's fees (ECF No. 22) is granted, and Plaintiff is awarded $10,000.00 in attorney's fees, as requested.

**IT IS SO ORDERED.**

s/Timothy M. Cain
United States District Judge

September 20, 2016
Anderson, South Carolina